# Hughes *v.* Citizens' Electric Light, Heat & Power Company.

*Corporations—Stock—Option to directors to purchase stock—Waiver.*

Where a by-law of a corporation provides that none of the stock of the company "shall be sold or transferred, unless the board of directors shall have received a notice thirty days previous thereto, and an option given said board to purchase it," the directors are not bound to submit the option to the stockholders for their acceptance or rejection of it, inasmuch as the option is given to the board and the board alone is to act upon it. The board, therefore, in the absence of fraud has the right to waive its right to the option and permit a transfer of the stock, and it cannot be enjoined by stockholders from exercising such a right.

Argued Oct. 18, 1909. Appeal, No. 184, Jan. T., 1909, by Dane A. Pearson, Intervening Defendant, from decree of C. P.

Blair Co., No. 686, Equity Docket, allowing and continuing preliminary injunction in case of James C. Hughes, I. C. Mishler, J. G. Etter, George C. Kelchner, Jr., C. A. Buch, I. D. Hess, Guy M. Gest and any others who may be desirous of joining herein v. Citizens' Electric Light, Heat & Power Company, W. S. Aaron, President, George C. Kelchner, Acting Secretary and Treasurer, W. S. Aaron, George C. Kelchner, John Kazmaier, C. W. Moore, C. B. Crissman, T. M. Biddle and Carl Olmes, Board of Directors of the said Company, and Dane A. Pearson, Intervening Defendant. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction.

A short abstract of the bill is as follows:

1. The plaintiffs are stockholders.

2. The Citizens' Electric Light, Heat & Power Company is a corporation duly organized under the laws of Pennsylvania, and was formed for the purpose of supplying light, heat and power by electricity to the public of Altoona and Blair county.

\* \* \* \* \* \* \* \*

6. On or about April 1, 1908, the directors of said corporation were induced to abandon the manufacture of electricity and to enter into a contract for current with the Juniata Hydro-Electric Company, highly favorable to the latter and extremely prejudicial to the former.

7. The Juniata Hydro-Electric Company has been purchasing the stock of the Citizens' Electric Light, Heat & Power Company with the purpose of obtaining control of and absorbing said company and its interests.

8. Section 2, art. X of the by-laws of the Citizens' Electric Light, Heat & Power Company reads as follows: "None of the stock of this company shall be sold or transferred, unless the board of directors shall have received a notice thirty days previous thereto, and an option given said board to purchase it."

9. The purpose of this by-law is to keep all stock of the company within the control and possession of the remaining stockholders.

10. The Juniata Hydro-Electric Company, knowing of this by-law, nevertheless, on April 27, 1909, presented certain certificates of stock for about 1,000 shares for transfer without giving the option, and had the same transferred.

11, 12, 13. On April 30, 1909, there was a meeting of the board of directors of the Citizens' Electric Light, Heat & Power Company called for the "specific purpose of making further and additional transfers of stock, to wit, between four and five hundred shares, to the said Juniata Hydro-Electric Company, or some individual or corporation in and for its behalf." A notice protesting against the transfer was served by the plaintiffs on the officers and board of directors of said company. Notwithstanding the notice above mentioned and an oral protest by Guy M. Gest, a large stockholder, which protest was directed to be placed upon the minutes, the board of directors thereupon determined to transfer the stock so presented; and the officers, under the direction of the board of directors, proceeded to make out the new certificates. When this stock was presented for transfer, the provisions of the by-laws hereinbefore recited had not been complied with.

14. One of the plaintiffs, Guy M. Gest, on April 8, 1909, took an option from E. A. Caum to purchase his ten shares of the Citizens' Electric Light, Heat & Power Company, and from A. H. Closson, to purchase his ten shares of the said stock, and from Austin Shaffer, to purchase his ten shares of the said stock. The Juniata Hydro-Electric Company, knowing of the said options, persuaded the said persons to sell and deliver their certificates to it. The board of directors, although notified of said options, decided to allow the transfer to be made, "holding the same in abeyance awaiting the issue of the injunction of which they had notice."

15. It was the duty of the board of directors under the said by-law not to transfer any stock without receiving an option, and upon receiving an option, "it became their duty to convene the stockholders, submit the question to them and act according to their instructions."

16. If the board of directors had submitted the question

to the stockholders, they would have instructed the board to purchase the said stock.

17. By the alleged failure of the board of directors to comply with the by-laws, the plaintiffs have been irreparably damaged.

The prayers were as follows:

1. That the defendants be enjoined from transferring any stock submitted for transfer without an accompanying option.

2. That the defendants be enjoined from delivering certificates of any stock already transferred, where the option had not been given.

3. That the defendants be enjoined from transferring the stock in the names of E. A. Caum, A. H. Closson and Austin Shaffer.

4. That the defendants be enjoined from permitting any person to vote at any meeting any stock transferred or offered for transfer within thirty days last past.

5. That the defendants be enjoined to cancel the transfer of the 1,000 shares hereinbefore mentioned.

6. That the board of directors be enjoined to exercise the option to purchase all stock offered for transfer within thirty days last past; and that they be directed to convene a meeting of the remaining stockholders to accept or reject the option to purchase.

7. That an order or decree be made, or an injunction issued, pending the hearing on this bill, directing and commanding the officers and directors of said company to restore the status quo of the parties as it existed on April 30, 1909, and that they cancel upon the books of the company any stock transferred and delivered or left for transfer and not delivered, after the receipt by them of the notice contained in the twelfth paragraph of the bill, warning them of an intention to immediately apply to the court for an injunction to restrain said transfer.

Dane A. Pearson presented a petition in which he averred:

The organization and capitalization of the Citizens' Electric Light, Heat & Power Company; that petitioner had purchased a majority of the stock of said corporation; that on

April 27, 1909, 1,000 shares were by direction of the board of directors transferred to the petitioner; that on April 30, 1909, the petitioner presented to the board for transfer an additional 487 shares, which the board directed to be transferred; that the certificates for said stock so directed to be transferred on April 30, 1909, were not delivered to your petitioner, but are in the possession of the board of directors of said company; that the petitioner is also the holder of an additional eighty-seven shares of the stock of the said company which he has not presented for transfer; and that the petitioner, by reason of his said stock ownership, is interested in the suit. The petitioner prayed for leave to intervene as party defendant.

The court permitted the intervention.

The court entered a decree awarding a preliminary injunction.

After testimony was taken the injunction was continued.

*Errors assigned* were in entering and continuing the preliminary injunction.

*Alex. Simpson, Jr.,* with him *Thomas C. Hare* and *James Collins Jones,* for appellant.—The by-law on which the plaintiffs rely is invalid: 2 Cook on Corporations (6th ed), sec. 622*d;* Sproul v. Standard Plate Glass Co., 201 Pa. 103; Bloede Co. v. Bloede, 84 Md. 129 (34 Atl. Repr. 1127); White v. Ryan, 15. Pa. C. C. Rep. 170; Miller v. Farmers' Milling, etc., Co., 78 Neb. 441 (110 N. W. Repr. 995); Herring v. Assn., 52 S. W. Repr. 327; Feckheimer v. Bank, 79 Va. 80.

The bill itself shows that the board of directors has waived whatever rights may have been given to it by the by-law: Bartlett v. Fourton, 115 La. 26 (38 So. Repr. 882).

The motive with which the stock was purchased is immaterial.

The plaintiff, Guy M. Gest, is not entitled to a specific performance of his options: Rigg v. Ry. Co., 191 Pa. 298.

The bill must stand or fall upon the plaintiffs' rights under the by-law giving the board of directors an option on the stock of the stockholders of the Citizens' Electric Light, Heat &

Power Company, and if the plaintiffs have no right under this by-law, under the facts as contained in the bill itself, it is submitted the bill ought to be dismissed: Harriman v. Northern Securities Company, 197 U. S. 244 (25 Sup. Ct. Repr. 493).

*Frank S. Katzenbach, Jr.,* and *Owen J. Roberts,* with them *Thomas H. Greevy* and *E. G. Brotherlin,* for appellees.—The agreement between the stockholders not to sell or transfer their shares of stock, unless the board of directors be given notice thirty days previous thereto, and an option be given to the board to purchase, is a valid contract, binding not only between the original stockholders but upon all subsequent purchasers therefrom with notice thereof, whether or not the by-law standing by itself is valid: Fitzsimmons v. Lindsay, 205 Pa. 79; Lindsay's Est., 210 Pa. 224; Boggs v. Boggs & Buhl, 217 Pa. 10.

The Superior Court declares such an agreement and by-law valid: Garrett v. Philadelphia Lawn Mower Co., 39 Pa. Superior Ct. 78.

The decisions in other states recognize the principles laid down by the Supreme and Superior Courts of Pennsylvania: Blue Mountain Forest Assn. v. Borrowe, 71 N. H. 69 (51 Atl. Repr. 670).

The contract between the stockholders, the issuance and acceptance of the stock certificates with the indorsement thereon, and the adoption of the by-law, do not unlawfully restrain the power of alienation or violate any rule of public policy: Garrett v. Phila. Lawn Mower Co., 39 Pa. Superior Ct. 78; Scruggs v. Cotterill, 67 N. Y. App. Div. 583; Moses v. Soule, 63 Misc. (N. Y.) 203 (1909).

A corporation has a right to purchase its own stock: Dock v. Schlichter Jute Cordage Co., 167 Pa. 370.

The by-law is binding upon the stockholders even in the absence of any previous agreement between them: Bagley v. Reno Oil Co., 201 Pa. 78; Marshall v. Pilots' Assn., 206 Pa. 182; New England Trust Co. v. Abbott, 27 L. R. A. 271.

OPINION BY MR. JUSTICE BROWN, November 5, 1909:

A by-law of the Citizens' Electric Light, Heat & Power

Company, one of the defendants below, provides that none of the stock of the company "shall be sold or transferred, unless the board of directors shall have received a notice thirty days previous thereto and an option given said board to purchase it." This bill was filed for the enforcement of the by-law by enjoining transfers of stock which had been sold by stockholders without giving to the board of directors of the company an option to purchase the same, and the appeal before us is from the preliminary injunction awarded. The board of directors is to receive thirty days' notice of any sale or transfer and an option is to be given it to purchase the stock which the stockholder proposes to sell. This is all there is in the by-law upon the subject. Upon receiving notice of the contemplated sale and the extension of the option to it to purchase the stock, no duty is imposed upon the board of directors to submit the option to the stockholders for their acceptance or rejection of it. To the board the option is to be given and upon it the board alone is to act. The board is to exercise or decline the option, and in declining the same is not responsible to the stockholders in the absence of collusion between it and the selling stockholder to consummate an illegitimate scheme to defraud the other stockholders. No such averment is to be found in this bill. If, then, from all that appears in the bill the board of directors could have exercised or declined options extended to it to purchase the stock, the transfers of which the court below has enjoined, it certainly could have waived its right to the options, because the right belonged to it alone to have them, and from the face of the bill, to say nothing of the evidence produced by the complainants themselves on the motion to continue the preliminary injunction, it clearly appears that the right to the options was waived by the board. No other interpretation is to be given to its action when the twelfth paragraph of the bill of complaint is read. The averment of the complainants there is that notwithstanding notice to the board of directors of the requirement of the by-law it was about to allow the transfers of the stock to be made and new certificates issued therefor. If the board saw fit to waive the option given it under the by-law, there is nothing in the

thirteenth section, of which it is an independent part, giving a stockholder the right to complain. The preliminary injunction should not have gone out and as it was clearly erroneous to continue it, working immediate injury to the appellants, we cannot permit it to stand any longer. It is within the exception to the rule as to not disturbing preliminary injunctions.

Whether the by-law invoked by the appellee is a valid and enforcible one we need not now decide. "Conceding (arguendo, merely) that it may be, nevertheless, that provision is intended for the benefit of the corporation, and not of individual stockholders, and it cannot be invoked by the latter merely upon the ground that the persons acquiring stock which had not been first offered to the company did so for the purpose of obtaining control of the company, since they had a right to acquire it for that purpose; nor can it be invoked by the company, since, in permitting the stock to be transferred to the persons acquiring it, the company necessarily waived any rights which it may have had to purchase it by preference:" Bartlett v. Fourton, 115 La. 26.

As this bill is for the enforcement of the by-law relating to an option to be extended to the board of directors which it has waived, the right of Guy M. Gest, a purchaser or prospective purchaser of thirty shares of stock, to have the same transferred to him instead of to another alleged purchaser of the same cannot be determined in this proceeding. His right to a transfer of these shares of stock is not here involved. That must be the subject of an independent proceeding in which his right as against the other alleged purchaser is to be determined without regard to the by-law which is the subject of this complaint.

The decree of the court continuing the preliminary injunction is reversed and the injunction is dissolved, the costs of this appeal to abide the final decree.